# EXHIBIT B

2025-1639

---

**United States Court of Appeals**
**For the Federal Circuit**

---

**KOJI IP, LLC,**
*Plaintiff-Appellant*

**WILLIAM PETERSON RAMEY, III, JEFFREY E. KUBIAK, SUSAN KALRA,**
*Sanctioned Parties-Appellants*

**v.**

**RENESAS ELECTRONICS AMERICA, INC.,**
*Defendant-Appellee*

---

Appeal from the United States District Court for the Northern District of
California in Case No. 3:24-cv-03089
Magistrate Judge Peter H. Kang

---

**EMERGENCY MOTION TO STAY ENFORCEMENT OF PENAL**
**SANCTIONS PENDING APPEAL**

Attorneys for Appellants:

Ramey  LLP

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
7Houston, Texas 77006
(713) 426-3923

i

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Appellants Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak") (collectively, "Sanctioned Parties") certify the following:

1. The full name of every party represented by the undersigned is Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak").

2. The real parties in interest are Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak").

3. Koji IP, LLC has no parent company and there is no publicly held corporation that owns 10% or more of the stock of the corporation. William P. Ramey, III ("Mr. Ramey") is an individual. Susan S.Q. Kalra ("Ms. Kalra") is an individual. Jeffrey E. Kubiak ("Mr. Kubiak") is an individual.

4. The names of all law firms and the partners or associates that appeared for Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak") in the district court or are expected to appear in this Court are:

William P. Ramey, III of Ramey LLP

Jeffrey E. Kubiak of Ramey LLP (not expected to appear)

Susan S.Q. Kalra (not expected to appear)

5.      The title and number of any case known to counsel to be pending in this

or any other court or agency that will directly affect or be directly affected by this

court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b).

None.

6.      Organizational victims and bankruptcy cases.

None.

Date: April 12, 2025                              /s/ William P. Ramey, III
                                                 William P. Ramey, III

# TABLE OF CONTENTS

I.  INTRODUCTION AND RELEVANT FACTS ................................................. 2

II.  APPLICABLE LEGAL STANDARDS ............................................................ 4

III.  ARGUMENT ................................................................................................... 6

  A.  The Sanctioned Parties are Likely to Prevail on Appeal .................................. 7

    1.  Monetary Sanctions Under Rule 11 Are Not Allowed Because the OSC Issued After the Case Was Dismissed ....................................................... 8

    2.  There Can be No Rule 11 Violation When the Filing is Allowed Under the Law ................................................................................................. 9

    3.  Inherent Power Sanctions are Improper as there is No Bad Faith ......... 11

    4.  The Sanctioned Parties Were Not Practicing Law in California ........... 12

    5.  If a Sanction is Deemed Warranted, a Less Severe Sanction is Appropriate ............................................................................................. 18

  B.  The Sanctioned Parties will be Irreparably Harmed ...................................... 19

  C.  The Requested Stay Will Not Injure Any Party ............................................. 20

  D.  The Public Interest Will Not Be Adversely Affected ..................................... 20

  E.  The Four Factors Weigh Heavily in Favor of Staying Execution .................... 20

IV.  CONCLUSION ............................................................................................. 22

**TABLE OF AUTHORITIES**

**Cases**

*Am. Unites for Kids v. Rousseau*, 985 F.3d 1075 (9th Cir. 2021) ............................... 7

*Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911 (9th Cir. 2003)........................ 21

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ... 8

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) ........................................... 12

*Com. Space Mgmt. Co. v. Boeing Co.,* 193 F.3d 1074 (9th Cir. 1999)............ 9, 12, 21

*F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128 (9th Cir.
    2001) ......................................................................................................... 5

*Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2015 WL 105999 (D.
    Idaho Jan. 7, 2015) ............................................................................ 19

*Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 197 L.
    Ed. 2d 585 (2017) ........................................................................ 6, 7, 8

*Hilton v. Braunskill,* 481 U.S. 770 (1987)............................................................ 4, 19

*In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431 (9th Cir. 1996)............................ 11

*Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 114 S.Ct.
    2552, 129 L.Ed.2d 642 (1994) ........................................................... 6

*Lair v. Bullock,* 697 F.3d 1200 (9th Cir. 2012) .......................................................... 5

*Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724 (9th
    Cir. 1991)............................................................................................ 10

*Leiva–Perez v. Holder,* 640 F.3d 962 (2011) ............................................................. 5

*Milkcrate Athletics, Inc.*, 619 F. Supp. 3d 1025 (2022) ...................................... 13, 14

*Nken v. Holder,* 556 U.S. 418 (2009) .................................................................. 4, 19

*Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) ...... 11

*Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679
    (9th Cir. 2024) .................................................................................... 10

*Spanos v. Skouras Theatres Corp.*, 364 F.2d 161 (2d Cir. 1966) ...................... 16, 17

*United States v. Mine Workers,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947) ..... 6

*Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (2009) ................................ 14

**Rules & Regulations**

Fed. R. App. P. 26.1 ..................................................................................... ii

Fed. R. App. P. 8 ......................................................................................... 4

Fed. R. Civ. P. 11 ........................................................................................ 8

Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak") (collectively, "Sanctioned Parties") respectfully move this Court for an Order Staying Execution of Penal Sanctions[1] issued by Magistrate Judge Peter H. Kang. The Penal Sanctions are severe, unwarranted, and likely, career ending.[2] The Sanctioned Parties are asking for very limited relief from this Court, in equity, to stay execution of the Penal Sanctions pending the results from this appeal.

To the extent this Court requires briefing from Appellee before ruling, given that the Penal Sanctions require severe self-reporting and monetary sanctions on April 26, 2025, the Sanctioned Parties request expedited briefing from Appellee of no more than one week.

As required by FRAP 8, on April 8, 2025, the Sanctioned Parties filed an Emergency Motion to Set Bond and Stay Enforcement with the District Court, requesting expedited briefing by April 11, 2025 ("District Court Motion to Stay Penal Sanctions").[3] On April 9, 2025, Magistrate Judge Kang issued an In-Chambers Text Order setting a hearing on the District Court Motion to Stay Penal Sanctions

---

[1] ADD0039-ADD0082 at 38:24-43:2 (items 1-11); ADD0003-ADD0038 at 35:4-36:24 (items 4-8).

[2] The Penal Sanctions are sanctions payable to the Northern District of California and self-reporting of the Penal Sanctions by the Sanctioned Parties to courts and bar organizations.

[3] ADD1111-ADD1128.

for May 6, 2025, ("In-Chambers Order"),[4] which is after the Penal Sanctions require performance, thereby effectively denying the requested relief without a hearing. The Magistrate Judge provided *no reason* for denying the relief and requested briefing from Appellee on whether expedited briefing is necessary or appropriate.[5]

## I. INTRODUCTION AND RELEVANT FACTS

Plaintiff Koji IP, LLC ("Koji") sued Defendant Renesas Electronics America, Inc., ("Renesas") alleging infringement of U.S. Pat. No. 10,790,703 ("the '703 Patent"), entitled "Smart Wireless Power Transfer Between Devices" ("Patent-in-Suit") in the District of Colorado on June 30, 2023.[6] On July 20, 2023, Jason Crotty asked that the suit be dismissed because there was low sales volume and because venue was improperly based on a distributor.[7] Koji dismissed its lawsuit on September 6, 2023, without burdening the court or Renesas with a venue fight.[8]

On November 8, 2023, Koji refiled the same infringement allegations in the Northern District of California.[9] Renesas maintained that the sales volume of the accused product was very low.[10] Koji and its counsel looked for additional products

---

[4] ADD0001-ADD0002.
[5] *See* ADD0001-ADD0002.
[6] ADD0818-ADD0828 at ¶4.
[7] ADD0834-ADD0836 (July 18, 2023 e-mail from Crotty to Kubiak); ADD0818-ADD0828 at ¶6.
[8] ADD0818-ADD0828 at ¶10.
[9] ADD0837-ADD0920 at 840.
[10] ADD0818-ADD0828 at ¶12.

2

from Defendant.[11]  However, to not burden Renesas, on January 30, 2024, Koji agreed to dismiss without prejudice its lawsuit, to which Renesas agreed.[12] Defendant had not filed any motions in the case or otherwise appeared.[13]  Shortly thereafter, Mr. Ramey and his client's representative discussed whether the sales of a new product, not previously accused, had been included in the prior numbers and came to the conclusion it was not.  Accordingly, Koji asked Ramey LLP to file a new lawsuit based on the new, different product.[14]  On May 22, 2024, Koji filed the new lawsuit, accusing the new and different Renesas product.[15]  Renesas's lawyer responded by letter on May 31, 2024, that Koji's lawsuit was foreclosed as it had been dismissed twice.[16]  The letter asked that the lawsuit be promptly dismissed. After further discussions with Renesas's counsel, the lawsuit was dismissed with prejudice on June 12, 2024.[17]  Renesas had not entered an appearance or filed any documents in the case. On June 26, 2024, Renesas filed its Motion for Attorneys' Fees.[18]  Magistrate Judge Kang set a hearing on August 22, 2024, on Renesas's

---

[11] ADD0818-ADD0828 at ¶11, 14; ADD0988-ADD0990 at ¶¶9-11, 14.
[12] ADD0921-ADD0924, January 30, 2024 e-mail chain.
[13] ADD0818-ADD0828 at ¶13.
[14] ADD0818-ADD0828 at ¶14; ADD0988-ADD0990 at ¶11.
[15] ADD0925-ADD0935.
[16] ADD0936-ADD0973, Letter to Ramey from Crotty at 1; ADD0818-ADD0828 at ¶15.
[17] ADD0086-ADD0087.
[18] ADD0115-ADD0734.

Motion for Attorneys' Fees.[19]  On August 29, 2024, Magistrate Judge Kang issued an Order to Show Cause to Mr. Ramey, Mr. Kubiak and Ms. Kalra ("OSC").[20] On September 12, 2024, Mr. Ramey, Mr. Kubiak and Ms. Kalra responded to the OSC.[21] On September 19, 2024, Magistrate Judge Kang held a hearing on the OSC.[22]  On March 26, 2025, the Magistrate Judge Kang issued the Order  Regarding OSC and Imposing Sanctions on Ramey Firm Lawyers ("Magistrate's Order").[23]  On March 31, 2025, Magistrate Judge Kang issued the Order  Granting Motion for Attorneys' Fees and Sanctions ("Magistrate's Second Order").[24]  On April 7the and 8th, 2025, the Sanctioned Parties objected to the Magistrate's Order[25] and the Magistrate's Second Order.[26]  On April 8, 2025, the Sanctioned Parties filed a Notice of Appeal to this Court.[27]

## II.    APPLICABLE LEGAL STANDARDS

Rule 8 of the Federal Rules of Appellate Procedure governs the stay of proceedings to enforce a judgment.[28]

---

[19] ADD0746-ADD0763.
[20] ADD0764-ADD0779.
[21] ADD0780-ADD0808.
[22] ADD0991-ADD0992.
[23] ADD0039-ADD0082.
[24] ADD0003-ADD0038.
[25] ADD0996-ADD1022.
[26] ADD1165-ADD1189.
[27] ADD1162-ADD1164.
[28] Fed. R. App. P. 8.

The factors regulating the issuance of a stay pending appeal are: (1) whether the stay applicant has made a strong showing that they are likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[29]  The first two factors are the "most critical."[30]

For the first factor, the Ninth Circuit Court of Appeals has characterized a "strong showing" to include "reasonable probability," "fair prospect," "substantial case on the merits," and "serious legal questions ... raised."[31]  The movant must show that "at a minimum ... that there is a substantial case for relief on the merits."[32]  In regards to the second factor, the movant must demonstrate that there is a probability that he or she will suffer an irreparable injury if the stay is not granted.[33]  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."[34]

"To protect against abuse and to ensure parties receive due process, individuals subject to sanction are afforded procedural protections, the nature of

---

[29] *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *see also Nken v. Holder,* 556 U.S. 418, 433 (2009).
[30] *Nken,* 556 U.S. at 434.
[31] *Leiva–Perez v. Holder,* 640 F.3d 962, 967–68 (9thCir.2011).
[32] *Lair,* 697 F.3d at 1204; *Leiva–Perez,* 640 F.3d at 967–68.
[33] *Lair,* 697 F.3d at 1215; *Leiva–Perez,* 640 F.3d at 969.
[34] *Nken,* 556 U.S. at 433–34 (2009); *Lair,* 697 F.3d at 1203.

which varies depending upon the violation, and the type and magnitude of the sanction."[35] "The more punitive the nature of the sanction, the greater the protection to which an individual is entitled."[36] The Supreme Court has explained that when strictly compensatory or remedial sanctions are issued, civil procedures, rather than criminal-type procedures, may be applied.[37] Compensatory sanctions may go no further than to redress the wronged party "for losses sustained" and may not impose any additional consequence as punishment for the sanctioned party's misbehavior.[38] However, when a sanction is imposed under a court's inherent authority as a penalty or to punish someone, "a court would need to provide procedural guarantees applicable in criminal cases, such as a 'beyond a reasonable doubt' standard of proof."[39]

## III.   ARGUMENT

A stay of enforcement of the Magistrate's Order[40] and a stay of the reporting/CLE requirements in the Magistrate's Second Order[41] (collectively, "Penal

---

[35] *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137 (9th Cir. 2001).

[36] *Id.* at 1137.

[37] *See Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 826–830, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994).

[38] *Id.* at 829, 114 S.Ct. 2552 (quoting *United States v. Mine Workers,* 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

[39] *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017).

[40] ADD0039-ADD0082 at 38:24-43:2 (items 1-11).

[41] ADD0003-ADD0038 at 35:4-36:24 (items 4-8).

Sanctions") is warranted due to the irreparable harm the Sanctioned Parties will suffer if required during the pendency of this appeal to self-report and because the Sanctioned Parties' have a very high likelihood of success in reversing some if not all of the Penal Sanctions.

The Magistrate's Order and Magistrate's Second Order provide criminal (punitive) sanctions and the Sanctioned Parties are to afforded due process in line with criminal type procedures. However, when as here a sanction is imposed as a penalty or to punish someone, "a court would need to provide procedural guarantees applicable in criminal cases, such as a 'beyond a reasonable doubt' standard of proof."[42] Here, the Magistrate's Order and the Magistrate's Second Order impose sanctions that are a punishment and therefore, the Sanctioned Parties "must be afforded the full protection of a criminal jury trial, including the right to be advised of the charges, the right to a disinterested prosecutor, the right to assistance of counsel, a presumption of innocence, proof beyond a reasonable doubt, the privilege against self-incrimination, the right to cross-examine witnesses, the opportunity to present a defense and call witnesses, and the right to a jury trial if the fine or sentence imposed will be serious."[43] Even after the Sanctioned Parties requested a stay pending appeal, Magistrate Judge Kang doubled down and issued the Magistrate's

---

[42] *See, e.g., Goodyear Tire & Rubber Co.*, 581 U.S. at 107, 137 S. Ct. at 1186, 197 L. Ed. 2d 585.

[43] *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088–89 (9th Cir. 2021).

Case 1:25-cv-00639-SCJ Document 22-5 Page: 10424/25 Filed: Page: 2102537 PageID #:
233

In-Chambers Order which set a hearing on the Sanctioned Parties' District Court Motion to Stay Penal Sanctions[44] for May 6, 2025,[45] which is after the Penal Sanctions require performance, thereby effectively denying the requested relief without a hearing. Magistrate Judge Kang has fallen well-short of providing the procedural fairness required by the Supreme Court.[46] The Sanctioned Parties plea in equity for a stay of the Penal Sanctions, for procedural fairness.

## A. The Sanctioned Parties are Likely to Prevail on Appeal[47]

### 1. Monetary Sanctions Under Rule 11 Are Not Allowed Because the OSC Issued After the Case Was Dismissed

The Sanctioned Parties are likely to prevail in their appeal of the monetary sanctions issued by the Magistrate's Order under Rule 11 because a monetary sanction is specifically excluded by Rule 11 under these facts:

> **(c) Sanctions.**
> …
> **(5)** *Limitations on Monetary Sanctions.* The court ***must not impose a monetary sanction***:
> **(A)** …; or
> **(B)** on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.[48]

---

[44] ADD1111-ADD1128.

[45] ADD0001-ADD0002.

[46] *Goodyear Tire & Rubber Co.*, 581 U.S. at 107, 137 S. Ct. at 1186, 197 L. Ed. 2d 585.

[47] Declaration of William P. Ramey, III ("Ramey Decl.") at ¶7.

[48] Fed. R. Civ. P. 11 (emphasis added).

Koji dismissed the lawsuit on June 12, 2024.[49] The Order to Show Cause was not issued until August 27, 2024.[50] Therefore, the literal language of Rule 11 does not allow the Court to impose a monetary sanction.[51] Likewise, a court cannot resort to an inherent power sanction to do what it is prohibited from doing under the rules.[52] Therefore, the Sanctioned Parties are likely to prevail on their appeal of the Rule 11 monetary sanction issued by the Magistrate's Order.[53]

## 2. There Can be No Rule 11 Violation When the Filing is Allowed Under the Law

The Sanctioned Parties are likely to prevail reversing the Magistrate's Order's finding a violation of Rule 11,[54] as the Magistrate's Order misapplied the law around a Rule 41(a) dismissal. The case of *Com. Space Mgmt. Co. v. Boeing Co.*[55] makes clear that the determination of whether a third cause of action is allowable can only be made once the third cause of action is filed.[56] The Magistrate's Order incorrectly begins with the premise that no third cause of action was permissible to file. The Colorado action ("*Koji I*") was dismissed for venue

---

[49] ADD0086-ADD0087.
[50] ADD0764-ADD0779.
[51] Fed. R. Civ. P. 11(c)(5)(B).
[52] *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S. Ct. 2123, 2134, 115 L. Ed. 2d 27 (1991).
[53] ADD0076-ADD0080.
[54] ADD0039-ADD0082 at ADD0052-ADD0061.
[55] 193 F.3d 1074, 1080 (9th Cir. 1999).
[56] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d at 1080.

and was then re-filed in a different venue, the Northern District of California, as *Koji IP, LLC v. Renesas Electronics America, Inc.*, No. 3:23-cv-05752-LJC (N.D. Cal. Nov. 8, 2023) ("*Koji II*"), However, based on low sales volumes the case was dismissed.[57] After further diligence on a new product, not previously accused was accused of infringement in *Koji IP, LLC v. Renesas Electronics America, Inc.*, No. 5:24-cv-03089 (N.D. Cal. May 22, 2024) ("*Koji III*").[58]

Under these facts, the two-dismissal rule does not apply or an exception would apply.[59] In *Koji I*, at the time of dismissal, Defendant had filed a motion to dismiss based on venue that attached evidence it did not have a regular and established place of business in Colorado,[60] even though Defendant advertised it had an office in Denver.

The same patent infringement claims were refiled in NDCA as *Koji II*. Due to low sales, that case was dismissed.[61] After further review, *Koji III* was filed on *a different* Renesas product.[62] *Koji III* is not the same case as *Koji II*, as *Koji II* accused a different product, thus a different claim. Also, *Koji II* differed from *Koji I*, as *Koji II* was in a different venue from *Koji I*. The Ninth Circuit uses a

---

[57] ADD0822; ADD0922-ADD0923.
[58] ADD0746-ADD0763 at ¶¶14-15.
[59] *See, e.g., Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991).
[60] ADD0746-ADD0763; ADD0993-ADD0995 at ¶5.
[61] ADD0746-ADD0763 at ¶¶12-15; ADD0993-ADD0995 at ¶¶6-7.
[62] ADD0746-ADD0763 at ¶¶5-15.

"transactional approach for purposes of the two-dismissal rule and holds that a subsequent claim is the same as a previously dismissed claim if it arises from the same set of facts as the first action and the claim could have been or was raised in the preceding action."[63] The accused product in the present case, *Koji III*, is different than the accused product in the prior California case, *Koji II*, i.e., the facts and thus the claim differ. Therefore, the two-dismissal rule would not apply. It was error for the Magistrate's Order to find bad faith based on the filing of *Koji III*.[64] There can be no abuse of the judicial system if the filing is allowed, as it is here.[65] Further, the Magistrate's Order erred by analyzing the subjective intent of the Sanctioned Parties as to whether they had case law to support what they did "[b]ecause the frivolousness prong of Rule 11 is measured by *objective* reasonableness, [citation omitted], whether [a party] actually relied on" the cases which show its claims aren't frivolous is irrelevant. [citation omitted] The same rule must apply to the factual basis for a claim.[66] The commentary on Rule 11 emphasizes that the Rule "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories."[67] It is likely the Sanctioned Parties

---

[63] *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 686 (9th Cir. 2024).

[64] ADD0039-ADD0082 at ADD0062-ADD0065.

[65] *See, e.g., Rose Ct., LLC*, 119 F.4th at 686.

[66] *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)

[67] *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) *citing* Fed.R.Civ.P. 11, Notes of Advisory Committee on Rules.

will reverse the Rule 11 sanction.

### 3. Inherent Power Sanctions are Improper as there is No Bad Faith

To impose sanctions under its inherent authority or potentially award attorneys' fees under Rule 41(d), a court must "make an explicit finding that counsel's conduct constituted or was tantamount to bad faith."[68] The Magistrate's Order erred when it found bad faith of the Sanctioned Parties filing the third action, *Koji III*,[69] as caselaw specifically allows the filing[70] and without sanction provided a persuasive explanation is provided as to why it was filed.[71] Further, the Ninth Circuit recognizes exceptions to the two dismissal rule that should have precluded the imposition of sanctions as the Sanctioned Parties had a reasonable argument as to why they could file the third lawsuit.[72] An entirely new product was accused of infringement in *Koji III* and therefore the facts and claims are not the same.[73] It was error for the Magistrate's Order to find that bad faith was shown through not investigating Rule 41 and otherwise filing *Koji III* as there was a good faith basis.[74] Therefore, it is likely the inherent power sanctions will be reversed.

### 4. The Sanctioned Parties Were Not Practicing Law in California

---

[68] *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002).
[69] ADD0039-ADD0082 at ADD0062.
[70] *See, e.g., Rose Ct., LLC*, 119 F.4th at 686.
[71] *Milkcrate Athletics, Inc.*, 619 F. Supp. 3d at 1025.
[72] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d at 1080.
[73] ADD0746-ADD0763 at ¶¶14-15.
[74] ADD1072-ADD1074 at 45:6-17; ADD0818-ADD0828 at ¶¶17, 27-28.

### a. Mr. Ramey and Mr. Kubiak Were Advising on the Federal Issues of Patent Infringement Law

The Sanctioned Parties are likely to prevail that they were not practicing law in California and therefore Ms. Kalra was not aiding and abetting and thus there is no violation of the Court's authority under the Civil Local Rules. Ms. Kalra was the lead attorney in every case filed in California for or with Ramey LLP.[75] Therefore, a licensed California attorney was always lead counsel on every case and responsible for all filings. As a preliminary matter, the Sanctioned Parties note that each firmly believed that what they were doing was well within the letter of the law and local rules, but more importantly, the Sanctioned Parties instantly modified their behavior and discontinued the practices that Magistrate Judge Kang said was improper.[76] As such, the conduct is not likely to be repeated and the conduct was not thought to violate any ethical rule or rule of practice at the time it occurred.[77] As the actions were not intentional violations, if a sanction is determined appropriate, a written reprimand is more appropriate rather than the Magistrate's Order issuing sanctions that quite likely will be career altering. In fact, Ms. Kalra has resigned from her new law firm over the Magistrate's Order[78] and Mr. Ramey

---

[75] ADD1028-ADD1097 at 10:13-22; 31:16-34:9.

[76] ADD0809-ADD0817 at ¶¶14, 20-23; ADD0818-ADD0828 at ¶¶19-23; and, ADD0974-ADD0987 at ¶¶10-14.

[77] ADD0809-ADD0817 at ¶¶ 20-23; ADD0818-ADD0828 at ¶¶20-23; and, ADD0974-ADD0987 at ¶¶11-14.

[78] ADD1100-ADD1110, Declaration of Susan S.Q. Kalra at ¶3.

was censored by Gene Quinn of IP Watchdog through the removal of previously Mr. Ramey's published articles and the scrubbing of his profile from the website because of the Magistrate's Order.[79]  Therefore, irreparable damage has already been done by the Magistrate's Order.

Ninth Circuit caselaw provides that the State Supreme Court in California considers the conduct of an attorney to be the practice of law in California when it entails sufficient contact with a *California* client to render the nature of the legal service a clear legal representation.  In making the determination, the nature of the unlicensed lawyer's activities in the state must be examined.[80] Mere fortuitous or attenuated contacts will not sustain a finding that the unlicensed lawyer practiced law in California. The primary inquiry turns on whether the unlicensed lawyer engaged in sufficient activities or created a continuing relationship with a *California* client that included legal duties and obligations.[81]

The Ninth Circuit case law provides that the legal services of a lawyer wholly performed in a state other than California are not the unauthorized practice of law when the legal services have more to do with an issue of federal law than state law, ERIUSA law in the cited case.[82]  The Court in *Winterrowd* further found

---

[79] ADD1023-ADD1027 at ¶3.
[80] *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 821–23 (9th Cir. 2009).
[81] *Winterrowd*, 556 F.3d at 821–23.
[82] *Winterrowd*, 556 F.3d at 821–22.

that the out of state lawyer was not practicing law in California because the arrangement the out of state lawyer had with the in state lawyer was more like a partnership, which is exactly the situation of the present case, Ms. Kalra was the California lawyer on the case and responsible as lead attorney.[83] For all practical purposes, the arrangement between Mr. Ramey, Mr. Kubiak and Ms. Kalra is analogous to a partnership for the prosecution of the patent infringement claim against the Defendant which is similar to the type of partnership found in *Winterrowd*.[84] The Ninth Circuit found it very relevant if one of the lawyers performing the work is licensed in California.[85]

The Ninth Circuit hold that state law is not determinative of whether a lawyer practicing in federal court is authorized to practice and recognized that an out of state lawyer could always seek admission by *pro hac vice* admission.[86] The Magistrate's Order did find that each of Mr. Ramey and Mr. Kubiak were regularly practicing law in California but without any specificity as to what acts constituted the practice of law in California and thus in error.[87] That Mr. Ramey and Mr. Kubiak appeared on pleadings with the modifier "*pro hac vice anticipated*" or the like is precisely the type of attenuated contact that the California Supreme Court

---

[83] *Winterrowd*, 556 F.3d at 821–22.
[84] *See, e.g., Id.* at 821–23.
[85] *See, e.g., Id.* at 822.
[86] *See, e.g., Id.* at 823.
[87] ADD0039-ADD0082 at 32-33.

said would not support that either was practicing law in California.[88] In fact, the modifier makes it very clear that both are not licensed.

The Sanctioned Parties formed a partnership where Ms. Kalra handled the state law matters and Mr. Ramey and Mr. Kubiak delivered highly specialized advice on federal patent litigation.[89] Further, much like in *Winterrowd*, if required, there is no reason Mr. Ramey or Mr Kubiak would not be admitted *pro hac* vice. Both are members in good standing with the Texas State Bar[90] and each have over 25 years practice.[91] As in *Spanos,* there has been "no suggestion of any unlawyerlike conduct on [their] part," prior to the Magistrate's Order.[92] While the Magistrate's Order does make a finding that Mr Ramey and Mr. Kubiak are regularly engaged in the practice of law in California,[93] which might disqualify each from *pro hac vice* admission under Civil L.R. 11-3(c), the record evidence is believed to show only attenuated contact on the highly specialized area of patent litigation. The evidence of record is that a California lawyer was lead counsel for all cases, except for the three transferred cases and in the process of being dismissed at the time of transfer.[94] Moreover, to the extent the Magistrate's Order

---

[88] *See, e.g., Winterrowd*, 556 F.3d at 821–23.
[89] *Id*.
[90] ADD1023-ADD1027 at ¶8.
[91] ADD1023-ADD1027 at ¶9.
[92] *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 168 (2d Cir. 1966).
[93] ADD0039-ADD0082 at ADD0066.
[94] ADD1023-ADD1027 at ¶¶5-7.

seeks to limit Koji from using any of the Ramey Firm lawyers, the privileges and immunities clause of the U.S. Constitution which prohibits a state from denying a citizen with a federal claim or defense from engaging an out-of-state lawyer to collaborate with an in-state lawyer and give legal advice concerning it within the state, would likely prevent any such result.[95]  For the reasons provided herein, the Sanctioned Parties are likely to prevail and reverse Magistrate's  Order's finding that Mr. Ramey and Mr. Kubiak were engaged in the unauthorized practice of law and that Ms. Kalra aided and abetted that practice.[96]

While not believed necessary for this Motion, the Sanctioned Parties' Objections to the Magistrate's Order[97] fully discuss the California cases referenced by the Magistrate's Order and are provided in the Addendum accompanying this Motion.[98]

### b.  The Use of "Pro Hac Vice Anticipated" is not Uncommon

Magistrate Judge Kang's finding of the unauthorized practice of law will have chilling effect on a patent plaintiff's ability to obtain representation and will limit access to the courts for patent owners.[99] The use of "*pro hac vice anticipated*" is not

---

[95] *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 170 (2d Cir. 1966).
[96] ADD0039-ADD0082 at ADD0061.
[97] ADD0039-ADD0082.
[98] ADD1007-ADD1019 at 8:8 - 20:9 (Objections 5-9).
[99] ADD0993-ADD0995 at ¶¶4-13.

uncommon. A brief search located several examples.[100] Likewise, Benjamin Charkow, counsel for Renesas, worked on this case and the prior California case for months[101] before finally appearing, after the case was closed, when Renesas filed its motion for fees on June 26, 2024.[102]

### 5. If a Sanction is Deemed Warranted, a Less Severe Sanction is Appropriate

The Sanctioned Parties have objected to the sanctions issued as not being proper.[103] Sanctions imposed should be limited to what is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."[104] A more appropriate sanction would be admonishment of the conduct as it has already stopped and was not done to circumvent any rule. The evidence of record is that the procedure used by the Ramey Firm was believed to be in compliance but that immediately after the August 22, 2024, hearing, the process was changed.[105] As such, there is little chance the conduct repeats. It is error for the Magistrate's Order to require the Sanctioned Parties self-report the sanctions imposed on them

---

[100] ADD1023-ADD1027 at ¶¶4-6.
[101] ADD0265-ADD0269 at 151-155/620.
[102] ADD0088-ADD0114.
[103] ADD0996-ADD1022 at ADD1020-ADD1021 and *generally*; ADD1165-ADD1189 at ADD1187-ADD1188 and *generally*.
[104] Fed.R.Civ.P. 11(b)(2)(A).
[105] ADD0809-ADD0817 at ¶14; ADD0818-ADD0828 at ¶19; and, ADD0974-ADD0987 at ¶10; ADD1033-ADD1034.

and engage in CLE study.[106]  It is further error for the Magistrate's Order to require the Sanctioned Parties further self-report.[107]  It is further error for the Magistrate's Order to require Mr. Ramey and Mr. Kubiak to each complete CLE classes[108] and for the Magistrate's Second Order to require further CLE.[109]  These sanctions are severe and unwarranted, potentially career ending, and unreasonable as to the length of 5 years.  It is further error for the Magistrate's Order[110] and the Magistrate's Second Order[111] to require the Sanctioned Parties each to self-report the sanctions imposed while the appeal is pending.  The Sanctioned Parties have already discontinued the practice and it is not likely to be repeated.[112]

## B. The Sanctioned Parties will be Irreparably Harmed

The Penal Sanctions are severe, unwarranted, potentially career ending, and unreasonable as requiring reporting for the next 5 years.[113]  The Sanctioned Parties have already discontinued the practice and it is not likely to be repeated.[114]  A stay

---

[106] ADD0039-ADD0082 at ADD0076.
[107] ADD0039-ADD0082 at ADD0076.
[108] ADD0039-ADD0082 at ADD0081.
[109] ADD0003-ADD0038 at ADD0037.
[110] ADD0039-ADD0082 at ADD0076.
[111] ADD0003-ADD0038 at ADD0038.
[112] ADD0809-ADD0817 at ¶14; ADD0818-ADD0828 at ¶19; and, ADD0974-ADD0987 at ¶10.
[113] ADD0039-ADD0082 at 38:13-23 (item 4); ADD0003-ADD0038 at 35:28-36:10 (item 7).
[114] ADD0809-ADD0817 at ¶14; ADD0818-ADD0828 at ¶19; and, ADD0974-ADD0987 at ¶10; ADD1033-ADD1034.

for any self-reporting, and other sanctions, should be afforded the Sanctioned Parties pending any appeal as once reported the sanctions cannot be undone.[115]  The harm will be immediate and severe.[116]  Once reported to bar organizations, even if successful on appeal, the Sanctioned parties will not be able to un-ring that bell.  The harm is immediate and substantial.[117]

### C. The Requested Stay Will Not Injure Any Party

The requested stay is not a request to stay any payment to Defendant.  No party will be injured by the requested stay.[118]

### D. The Public Interest Will Not Be Adversely Affected

While the public certainly has an interest in lawyers performing their duties properly, the public interest is not served by permanently damaging the Sanctioned Parties' careers with orders that are capable of modification, especially when no harm will come to Defendant.[119]  As well, the public interest is best served by opening access to the courts for more patent owners.  The Penal Sanctions will have the effect of closing the courts to many more patent owners.  There are already few

---

[115] *Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2015 WL 105999, at *1-2 (D. Idaho Jan. 7, 2015) citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Nken*, 556 U.S. at 433.
[116] *Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2015 WL 105999, at *2 (D. Idaho Jan. 7, 2015)
[117] Ramey Decl. at ¶8.
[118] Ramey Decl. at ¶9.
[119] Ramey Decl. at ¶10.

firms willing to represent patent owners.[120]

### E. The Four Factors Weigh Heavily in Favor of Staying Execution

All factors support stay of enforcement of the Penal Sanctions; the monetary sanction issued in the Magistrate's Order[121] and a stay of the reporting/CLE requirements in the Magistrate's Second Order,[122] pending the appeal. The irreparable harm absent a stay is significant and the Sanctioned Parties have shown the likelihood of prevailing on appeal.[123]

### III.  MAGISTRATE JUDGE KANG LACKS JURISDICTION

The Parties, Koji and Renesas, did not consent while the case was open. The Magistrate's Order finding that both parties consented is in error.[124] Plaintiff filed a consent on June 10, 2024, that limited its consent to Final Judgment:

> In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit. 125

However, Defendant did not consent until June 26, 2024,[126] which was after Final

---

[120] ADD0993-ADD0995 at ¶¶3-13.
[121] ADD0039-ADD0082 at 37:22-44:7  (items 1-11).
[122] ADD0003-ADD0038 at 35:4-36:24 (items 4-8).
[123] The Sanctioned Parties cannot yet appeal a portion of the Magistrate's Second Order as it is not final.
[124] ADD0039-ADD0082 at 1:21-22.
[125] ADD0083-ADD0085.
[126] ADD0736-ADD0739.

Judgment, after Plaintiff voluntarily dismissed its case on June 12, 2024:[127]

> [t]h[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.[128]

Thus, both parties did not consent before Final Judgment and jurisdiction was not conferred on Magistrate Judge Kang to issue orders not reviewable by the District Court. Where both parties have not consented, a magistrate judge does not obtain jurisdiction over a matter.[129] Defendant/Appellee's consent was not effective as it was after Final Judgment, the limit of Koji's consent. Therefore, whether considered a non-dispositive order or a dispositive order, the Sanctioned Parties believe the District Court's consideration of these objections is necessary prior to consideration of the appeal on its merits. However, such requirement does not prevent this Court from issuing the requested stay of enforcement.

## V. CONCLUSION

Koji IP, LLC, William P. Ramey, III, Susan S.Q. Kalra and Jeffrey E. Kubiak respectfully pray this Court enter an order staying enforcement of the Penal Sanctions; the Magistrate's Order[130] and the Reporting/CLE requirements of the

---

[127] ADD0086-ADD0087.
[128] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999).
[129] *See, e.g., Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003).
[130] ADD0039-ADD0082 at 37:22-44:7 (items 1-11).

Magistrate's Second Order,[131] during the pendency of this appeal.

Respectfully submitted,

Ramey LLP

/s/ William P. Ramey, III
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
713-426-3923 (Telephone)

***Attorneys For* Koji IP, LLC,
William P. Ramey, III, Susan S.Q.
Kalra and Jeffrey E. Kubiak**

## CERTIFICATE OF COMPLIANCE

I certify that this Motion is proportionately spaced and contains 5078 words

excluding parts of the document exempted by Federal Circuit Rule 27(d).

/s/ William P. Ramey, III
William P. Ramey, III

## STATEMENT OF CONSENT OR OPPOSITION PER FED. CIR R. 27(A)(5)

Counsel for Appellant emailed counsel for Appellee on April 11, 2025, and

---

[131] ADD0003-ADD0038 at 35:4-36:24 (items 4-8).

received two responsive e-mails on April 11, 2025, that indicate that Appellee is opposed to the requested relief. Appellee specifically provided that they would not be able to provide their position this same day.

/s/ William P. Ramey, III
William P. Ramey, III

-

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of April 12, 2025, with a copy of the foregoing via e-mail.

/s/ William P. Ramey, III
William P. Ramey, III

2025-1639

---

**United States Court of Appeals
For the Federal Circuit**

---

**KOJI IP, LLC,**
*Plaintiff-Appellant*

**WILLIAM PETERSON RAMEY, III, JEFFREY E. KUBIAK, SUSAN KALRA,**
*Sanctioned Parties-Appellants*

**v.**

**RENESAS ELECTRONICS AMERICA, INC.,**
*Defendant-Appellee*

---

Appeal from the United States District Court for the Northern District of
California in Case No. 3:24-cv-03089
Magistrate Judge Peter H. Kang

---

**DECLARATION OF WILLIAM P. RAMEY, III**

Attorneys for Appellants:

Ramey  LLP

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923

i

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Appellants KOJI IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak") (collectively, "Sanctioned Parties") certify the following:

1. The full name of every party represented by the undersigned is Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak").

2. The real parties in interest are Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak").

3. Koji IP, LLC has no parent company and there is no publicly held corporation that owns 10% or more of the stock of the corporation. William P. Ramey, III ("Mr. Ramey") is an individual. Susan S.Q. Kalra ("Ms. Kalra") is an individual. Jeffrey E. Kubiak ("Mr. Kubiak") is an individual.

4. The names of all law firms and the partners or associates that appeared for Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak") in the district court or are expected to appear in this Court are:

William P. Ramey, III of Ramey LLP

Jeffrey E. Kubiak of Ramey LLP (not expected to appear)

Susan S.Q. Kalra (not expected to appear)

5.      The title and number of any case known to counsel to be pending in this

or any other court or agency that will directly affect or be directly affected by this

court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b).

None.

6.      Organizational victims and bankruptcy cases.

None.

Date:  April 12, 2025                         /s/ William P. Ramey, III
                                              William P. Ramey, III

I, William Ramey, declare as follows:

1.  My name is William P. Ramey, III.  I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2.  I am licensed to practice law in the state of Texas and am an attorney with the law firm of Ramey LLP. I represent the Plaintiff in the above-captioned lawsuit.

3.  I was censored by Gene Quinn of IP Watchdog through the removal of my previously published articles and the scrubbing of my profile from the IP Watchdog website because of the Magistrate's Order.

4.  Addendum bates range ADD1134-ADD1139 is a true and correct copy of a case filing from *In Tre Dreamland Baby Co. Weighted Sleep Products Litigation*, case number 3:24-cv-02996, where appearing attorneys use "*pro hac vice anticipated*," as shown by the yellow highlight.

5.  Addendum bates range ADD1140-ADD1156 is a true and correct copy of a case filing from *In re: Future Motion, Inc. Products Liability Litigation*, case number 23-md-03087, where appearing attorneys use "*pro hac vice anticipated*," as shown by the yellow highlight.

6.  Addendum bates range ADD1157-ADD1161 is a true and correct copy of a case filing from *In re Betterhelp, Inc. Data Disclosure Cases*, case number 3:23-cv-01033,

where appearing attorneys use "*pro hac vice anticipated*," as shown by the yellow highlight.

7. A stay of enforcement of the Magistrate's Order[1] and a stay of the reporting/CLE requirements in the Magistrate's Second Order[2] (collectively, "Penal Sanctions") is appropriate because the Sanctioned Parties have a very high likelihood of success in reversing some if not all of the Penal Sanctions.    Under the literal language of Rule 11, a monetary sanction is not allowed, as the case was closed prior to the issuance of the Order to Show Cause, and thus the Magistrate's Order issuance of a monetary sanction under Rule 11 will be reversed or the Rules mean nothing.[3]

8. A stay of the Penal Sanctions is warranted due to the irreparable harm the Sanctioned Parties will suffer if required during the pendency of this appeal to self-report to court and bar organizations.  Further, irreparable harm has already occurred with the censorship referenced in paragraph 3.  There can be no greater harm than the loss of your speech.  Based on the Magistrate's Order, Gene Quinn took my speech and erased it.  This alone establishes irreparable harm. Also, once reported to bar organizations, even if successful on appeal, the Sanctioned Parties will not be able to un-ring that bell.  The harm is immediate and substantial.

---

[1] Doc. No. 42 at 38:24-43:2 (items 1-11).
[2] Doc. No. 43 at 35:4-36:24 (items 4-8).
[3] Doc. No. 42 at 38:24-43:2 (items 5-8).

9.  No harm will befall Defendant as the Penal Sanctions sought to be stayed do not require payment to Defendant.

10. The public interest is best served in having this appeal heard before sanctions are issued and further irreparably harming three lawyers and the patent plaintiff's practice as a whole.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 11, 2025.

William P. Ramey, III